[Civ. No. 8096. First Appellate District, Division One.—June 29, 1932.]

BAYSIDE FISH FLOUR COMPANY (a Corporation), Appellant, v. I. ZELLERBACH et al., Respondents.

Roy L. Daily for Appellant.

Eugene D. Bennett and Ralph W. Scott for Respondents.

THE COURT.—An appeal by petitioner from a judgment denying its petition for a writ of mandate to compel respondents, as members of the Fish and Game Commission, to issue in the form demanded by petitioner a permit to manufacture fish products.

Since the year 1924 petitioner has been manufacturing an edible fish flour from sardines. In 1921, by an amendment to an act to conserve the fish supply in California (Stats. 1919, p. 1204) the legislature declared it unlawful to use any kind or species of fish fit for human consumption for reduction purposes except fish offal, but provided that any person engaged in taking or dealing in fresh fish or fish products for human consumption, or canning, packing or preserving such fish, desiring to use in a reduction plant any fish fit for human consumption, might make application to the commission for permission to do so. The act provided for a hearing and for an order permitting the use of a certain amount of fish each month for reduction purposes, and that "said order shall not be granted for a period longer than a seasonal run of said kind or species of fish mentioned in said order" (Stats. 1921, p. 459). In 1925 the act was amended (Stats. 1925, p. 595) to regulate plants other than packing or reduction plants, where, by reduction or extraction process, fish or the oil therefrom is manufactured into products fit for human consumption. The amendment made it unlaw-.ful for such plants by reduction or extraction process to use sardines without obtaining a permit from the commission,

566

and provided for the issuance under certain conditions of such a permit. The amendment did not limit the duration of a permit so issued, but provided that it might be revoked after a hearing if certain facts were shown.

On August 22, 1925, a permit was issued to petitioner under this act, and it operated thereunder until the act was amended in 1929 (Stats. 1929, p. 901) to provide "that the Fish and Game Commission may grant a revocable permit or permits in such amount and subject to such restrictions, rules and regulations as the Fish and Game Commission may adopt or prescribe, to take and use fish for a reduction or extraction process for the manufacture of edible products fit for, intended to be used and in fact used for human consumption, provided it shall be shown and appear to the satisfaction of the Fish and Game Commission that such use of such fish will not tend to deplete the species, or result in waste or deterioration of such fish. . . . " In 1930 petitioner applied to the commission for permission to use at its plant 15,000 tons of sardines "during each open season from August 1st of each year to February 15th of the following year". On October 22, 1930, after a hearing, petitioner was granted permission to take and use 10,000 tons of sardines for the manufacture of fish flour by reduction or extraction process, subject to certain conditions, among which were that the sardines were authorized to be taken and received only during the current sardine season, namely, between August 1, 1930, and February 15, 1931, and providing that the permit should not be valid after the date last mentioned; also that the permit might be "terminated, revoked or modified" by the commission without notice.

Petitioner contends that the commission was without power to limit the duration of its permit, and that the one issued was not a revocable permit within the meaning of the statute.

█ Property in fish within its waters is vested in the state, and its policy has been to conserve the same for the benefit of all. Such can only become subject to private ownership in a qualified way, and can never be the subject of commerce except with the consent of the state and subject to conditions which it may deem best to impose for the public good (*In re Phoedovius*, 177 Cal. 238 [170 Pac. 412]; *People* v. *Monterey Fish Products Co.*, 195 Cal. 548 [38

A. L. R. 1186, 234 Pac. 398]); and it is presumed that the commission will formulate reasonable rules and exercise its powers in conformity with the statute (*People* v. *Globe Grain & Mill. Co.*, 211 Cal. 121 [294 Pac. 3]). Before the act of 1929 such permits could be revoked after a hearing and for causes specified in the statute (Stats. 1925, pp. 595, 598); but under the last amendment the permits are revocable, and are granted under such restrictions, rules and regulations as the commission may prescribe. Here the permit issued was expressly made revocable; and in view of the fact that the act provides for the taking of sardines during a certain season in each fish and game district, and, if for use in the reduction or extraction process, only if it shall appear that the species will not be depleted or the fish wasted or deteriorated, a rule of the commission that permission be restricted to the seasonal run of fish is not unreasonable or contrary to the spirit of the act. We are satisfied that this was a valid regulation, and the judgment is accordingly affirmed.